In the Matter of the Application for Approval of Certificate of Incorporation of COLUMBIA ASSOCIATION OF NEW YORK CITY TRANSIT SYSTEM, INC.

Supreme Court, Special Term, Kings County, December 19, 1940.

*Emil M. Sartori*, for the incorporators.

CUFF, J. This is an application to form a membership corporation of " all New York City Transit System employees of Italian extraction " which has been submitted to the court for approval in accordance with Membership Corporations Law (§ 10). The objects of the new corporation, as set forth in the certificate, are:

" To unite, fraternally all New York City Transit System, employees of Italian extraction, provided they are of good moral character.

" To promote unity, social intercourse and to diffuse benevolence and charity among its members and to raise their standards of reputation and good will, and to provide such other benefits as the organization may deem advisable."

The petitioners add " That it [the new corporation] will not engage in collective bargaining." The motives of the five gentlemen who have signed the petition or their attorney who has presented it are not to be impugned. I think they mean well. I do not believe, however, that the court should accord its approval to this movement. Employees of the New York City Transit System are members of the classified civil service of New York city. Their rights and prerogatives are defined by law. They need no organization as people of one racial extraction or another to retain or to succeed in their positions. They may not be discriminated against by reason of their race. (Civil Service Law, § 14-c.)

A corporate body formed " to promote unity " composed of city employees of one nationality would not aid in the orderly administration of the city's affairs. It would no doubt inspire others to organize along the same lines. Friction would ensue. The temptation for each such body to act in concert might prove irresistible under strained circumstances. Such a result would be unfortunate for the city and the workers alike. The American public frowns upon racial distinction in public places and in public offices. Divisions along racial lines could not be productive of good in the civil service no matter what the objects or ties were that bound the members together.

While attachment to our country should always be sincere and undivided, right now it behooves all of us to cherish one thought: Be an American and only an American every hour of the day, every day of the year, furthering always the cause of the United States.

An organization of the kind proposed will tend to distract its members from that wholesome ideal.

The objectives of this corporation, except " promote unity," and that has been referred to, may be realized fully without the creation of a corporate entity within the ranks of the civil service of the city. There are private organizations open to all whose aims are of the kind that this proposed corporation would foster. Many of them need members and would gladly receive civil service employees. Because there appears to be no necessity for this membership corporation and because its existence under certain circumstances might prove embarrassing to its membership or to the city of New York, the approval of the court must be withheld.